## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
Honorable Sidney B. Brooks

In re:

LISA L. SPENCE,

Debtor.

Bankruptcy Case No.
12-23626-SBB
Chapter 13

**APPEARANCES:**

| | |
|---|---|
| **Larry D. Brown** | **Maria J. Flora** |
| 7625 W. 5th Ave. | 1763 Franklin St. |
| Ste. 200D | Denver, CO 80218 |
| Lakewood, CO 80226 | COUNSEL FOR CYNTHIA |
| COUNSEL FOR DEBTOR | SKEEN |

---

### MEMORANDUM OPINION AND ORDER

---

THIS MATTER comes before the Court on the (1) First Interim Application for Allowance of Attorney Fees and Expenses for the Period from August 2, 2012 through October 31, 2012 ("Application") filed November 5, 2012 (Docket #32) by Maria J. Flora, P.C. for work that she provided as counsel of the Chapter 7 Trustee prior to the case converting to a Chapter 13; (2) Debtor's Motion to Strike and Objection thereto (collectively "Objection") filed November 21, 2012 (Docket #s 37 and 40); and (3) the former Chapter 7 Trustee, Cynthia Skeen's, Response to Debtor's Objection filed December 6, 2012 (Docket #41).

The Court conducted a hearing on the matter on February 11, 2013, where it took offers of proof and heard arguments. Parties have filed legal briefs in support of their respective

positions.[1]   The central issue for this Court to decide is:  in a case converted from Chapter 7 to Chapter 13, is counsel of the Chapter 7 trustee entitled to a Chapter 13 administrative claim for work performed in the Chapter 7 case?  The Court concludes that, yes, counsel of the Chapter 7 Trustee may be entitled to attorney fees as an administrative claim in the converted Chapter 13 case.

The Court, having reviewed the pleadings and the within case file, and being advised in the matter, enters the following Memorandum Opinion and Order.  Based upon the reasons set forth below, the Court concludes that Maria Flora P.C.'s First Interim Application for Allowance of Attorney Fees and Expenses is **GRANTED** for work performed during the Chapter 7 case from August 2, 2012 through October 9, 2012.

## I.    Introduction

Maria Flora P.C. ("Ms. Flora") was appointed counsel to the Chapter 7 Trustee, Cynthia Skeen ("Trustee") on August 6, 2012, prior to conversion of the case to a Chapter 13.  As counsel of the Trustee, Ms. Flora performed certain tasks and legal services related to the investigation of certain real property listed on Debtor's schedules, including the commencement of an adversary proceeding under 11 U.S.C. § 363(h),[2] for which she now seeks compensation as an administrative claim in Debtor's Chapter 13 case.

---

[1] At the hearing held on February 11, 2013, the Court advanced the parties the option to request an evidentiary hearing in the matter, but both parties presented to the court that the issues were primarily questions of law and opted to present legal briefs in support of their respective positions.

[2] Unless otherwise provided, all references to "section" and/or "§" are to Title 11 of the United States Code.

Debtor has objected to the allowance of Ms. Flora's administrative claim, asserting the following: (1) the Bankruptcy Code does not confer standing upon counsel of a Chapter 7 trustee to seek an administrative claim related to work performed in a Chapter 7 case after the case converts to Chapter 13; (2) the work performed by Ms. Flora in the Chapter 7 case pursuant to section 363(h) lacked substantial justification and was not necessary or likely to benefit the estate, and therefore, the fees sought by Ms. Flora are not reasonable under section 330 of the Bankruptcy Code; and (3) even if the Court finds that the Code allows for an administrative claim for counsel for the Chapter 7 trustee related to work performed in a Chapter 7 case after the case converts to a Chapter 13, and that the work performed by Ms. Flora in the instant case was necessary and the fees sought are reasonable, fees for counsel of a Chapter 7 trustee are limited in the same way that a Chapter 7 trustee's fees are limited under section 326(a) to a percentage of the monies actually disbursed by the trustee.

## II.    Background

The facts are largely undisputed by the parties and the issues are essentially questions of law. Debtor filed her voluntary Chapter 7 case on June 28, 2012. Cynthia Skeen was appointed as the interim Chapter 7 Trustee for Debtor's case pursuant to section 701(a). On August 2, 2012, the Trustee filed a Motion to Employ Ms. Flora's firm as attorney for the Trustee pursuant to section 327 (Docket #11). This Court entered an order approving the employment of Ms. Flora on August 6, 2012 (Docket #12).

As counsel for the Trustee, Ms. Flora performed work and provided legal services related to the investigation, examination and evaluation of certain real property listed on the Debtor's

schedule and located in Lakewood, Colorado ("Lakewood Property").  On October 9, 2012, Ms.

Flora commenced an adversary proceeding in Debtor's Chapter 7 case asserting the Trustee's

claim of the estate's ownership interest in a portion of the Lakewood Property based on Debtor's

record title of twenty-five percent of the property.[3]  Pursuant to section 363(h) of the Bankruptcy

Code, Ms. Flora sought leave of this Court to sell the ownership interest of the bankruptcy estate

and the co-ownership interests of Debtor's three siblings in the subject property. [4]  However, the

same day that Ms. Flora filed the adversary complaint, Debtor filed a motion for voluntary

conversion of her Chapter 7 case to a Chapter 13 (Docket #20).

On November 5, 2012, after the Debtor's case had converted to a Chapter 13, Ms. Flora

filed the Application under section 330 of the Code seeking attorney's fees in the amount of

$1,847.50 and reimbursement of actual and necessary expenses in the amount of $46.08.[5]  In her

---

[3] Complaint, Cynthia Skeen, Chapter 7 Trustee v. Sandra Christiansen a/k/a Sandy Christensen, Geraldine Drinkard a/k/a Geri Drinkard, and Frank J. Stack (Oct. 9, 2012) (No. 12-1638-SBB) (Docket #1).

[4] 11 U.S.C. § 363(h) provides as follows:

> Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2)sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> (3)the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

[5] *See* Maria J. Flora, P.C.'s First Interim Application for Allowance of Attorney Fees and Expenses for the Period from August 2, 2012 Through October 31, 2012 (Nov.5, 2012) (Docket #32).

4

Response Brief filed April 8, 2013, Ms. Flora, *sua sponte*, reduced her fee request by eliminating all entries for work performed and services provided *after* the conversion of the Debtor's case to Chapter 13. [6] Thereupon, Ms. Flora is now seeking a claim for legal fees and costs limited to the work performed and services provided during the Debtor's Chapter 7 case and prior to the case' conversion to a Chapter 13.

## III.    Questions presented

The questions presented to the Court are as follows:

   I.    Whether Court approved counsel for the Chapter 7 trustee has standing under the Bankruptcy Code to file an administrative claim for attorney fees and expenses related to work done in the Chapter 7 case, after the case converts to a Chapter 13?

   II.    Whether work performed by Ms. Flora in the Chapter 7 case pursuant to section 363(h) was necessary and appropriate, and fees sought are reasonable under section 330 of the Bankruptcy Code?

---

[6] *See* Response to Debtor's Memorandum Brief in Response to Objection to Confirmation and Application for Fees at 6 ("Flora's Response Brief") (April 8, 2013) (Docket No. 77). Ms. Flora eliminated five time entries for work performed and services rendered after the order on the conversion of the Debtor's case to Chapter 13 and reduced her request for fees from $1847.50 by $272.00 to an amount of $1,575.00. The total administrative claim sought by Ms. Flora after this reduction is $1,621.08 ($1,575.00 for legal fees *plus* $48.08 for reimbursement of expenses). However, according to the Court's calculation, the five time entries following Debtor's Motion for conversion of the case add up to a total amount of $410.00. Therefore, the requested fees are adjusted down to an amount of $1,437.50 ($1,847.50 *minus* $410.00) and the total administrative claim after this fee reduction is reduced to $1,483.58 ($1437.50 for legal fees *plus* $46.08 for reimbursement of expenses).

III.    If the first two questions are answered in the affirmative, whether the administrative

claim for legal fees and expenses incurred by counsel of a Chapter 7 trustee are

limited by the statutory formula contained in section 326(a)?

IV.    **Jurisdiction**

This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (2)(A) and the

Court has jurisdiction over the parties and subject matter of this proceeding.

V.    **Discussion**

Maria Flora was appointed counsel to the Chapter 7 Trustee, Cynthia Skeen, following

approval of this Court pursuant to section 327(a).[7]  Section 327(a) of the Bankruptcy Code

provides that

> . . . the trustee, with the court's approval, may employ one or more
> *attorneys*, accountants, appraisers, auctioneers, or other
> professional persons, that do not hold or represent an interest
> adverse to the estate, and that are disinterested persons, *to
> represent or assist the trustee in carrying out the trustee's duties
> under [] [Title 11 of the United States Code]*

[emphasis added].

Chapter 7 trustees often seek employment of counsel under section 327(a) to assist with

certain preferential, avoidance, turnover or other litigation matters for the benefit of the estate.

Allowing Chapter 7 trustees to employ independent counsel ensures diligent, effective and

expeditious management and administration of a bankruptcy case.  The Court is cognizant of

---

[7] *See* Motion to Employ Maria J. Flora, P.C. as Attorney for the Trustee (August 2, 2012) (Docket #11);
*see also* Order Granting Motion to Employ Maria J. Flora, P.C. as Attorney for the Trustee (August 6,
2013) (Docket #12).

many legal issues that may arise during a trustee's administration of a Chapter 7 case.  Thus, this Court frequently grants applications for employment of counsel of Chapter 7 trustees when doing so best serves the interest of the bankruptcy estate.

Here, the Trustee was duly appointed Trustee of Debtor's Chapter 7 bankruptcy case. After examining the Debtor's petition, schedules and statements, and following an examination of the Debtor at the section 341 Meeting of Creditors, the Trustee, with Court approval, employed Ms. Flora's firm to investigate and pursue a section 363(h) sale of certain real property listed on the Debtor's schedules.  On the same day that Ms. Flora commenced a section 363(h) adversary proceeding in Debtor's Chapter 7 case, Debtor filed a voluntary Motion to convert her case to a Chapter 13.  The first argument presented by the Debtor is that the Bankruptcy Code does not confer standing upon counsel of a Chapter 7 trustee to file an administrative claim for compensation related to work performed in a Chapter 7 case after the case is converted to a Chapter 13.[8]

I.     *Statutory framework provides standing to counsel of a Chapter 7 trustee to file a claim for administrative expenses related to work performed in a Chapter 7 case after the case converts to a Chapter 13*

In her Objection to Ms. Flora's application and at the hearing conducted on February 11, 2013, Debtor argued that upon conversion of her case to a Chapter 13, the Trustee was terminated from the Debtor's case pursuant to section 348(e) of the Code; and as such, counsel of the Trustee lacks standing to bring an administrative claim in Debtor's subsequent Chapter 13

---

[8] Memorandum Brief in Response to Objection to Confirmation and Application for Fees ("Debtor's Brief") at 4 (March 4, 2013) ( Docket No. 73).

case.  Additionally, in her brief, Debtor argues that "[t]he [Bankruptcy] Code does not specifically allow compensation for legal fees incurred by a Chapter 7 Trustee after a case is converted to a Chapter 13 . . . ."[9]

To the contrary, Ms. Flora argues that the statutory scheme contained within sections 1322(a)(2), 507(a)(1)(C), 503(b) and 330(a) authorizes the Court to grant her an administrative claim for work performed prior to the case converting to a Chapter 13.  For the reasons articulated below, the Court agrees with Ms. Flora.

a.      *11 U.S.C. § 1322*

Section 1322(a)(2) provides, in part, that a Chapter 13 Plan "*shall* provide for full payment . . . of all claims entitled to priority under *section 507* of this title[] . . . "  [second emphasis added].

b.      *11 U.S.C. § 507*

Section 507(a)(1)(C) allows for a first level priority administrative claim to a trustee appointed under section 701 pursuant to section 503(b), to the extent that the expenses are "allowed under paragraphs (1)(A), (2), and (6) of section 503(b) . . . to the extent the trustee administers assets that are otherwise available for the payment of such claims." [10]

---

[9] *Id.*

[10] Debtor's confirmed Chapter 13 Plan provides for approximately $8,000 to be distributed to creditors in relation to the Lakewood Property that formed the subject of the section 363(h) adversary proceeding commenced by the Chapter 7 Trustee, through her attorney, Ms. Flora.  *See* Debtor's Amended Chapter 13 Plan, Section V.G (March 29, 2013) (Docket #75) ("Debtor and the Trustee disagree as to whether Debtor has an actual interest in the real property in which her mother resides or just bare legal title.  In order to resolve this [i]ssue for the purpose of satisfying the 'best-interest-of-creditors' test of 11 U.S.C.

Moreover, section 507(a)(2) provides a second level priority claim for "administrative expenses allowed under section 503(b) of this title . . . ," including but not limited to "compensation and reimbursement awarded under section 330(a) of this title."[11]

c.      *11 U.S.C. § 503*

Section 503(b)(2) allows "compensation and reimbursement awarded under *section 330(a)* of [] [title 11]" [emphasis added].

d.      *11 U.S.C. § 330*

Section 330 (a) is the provision of the Bankruptcy Code that authorizes compensation to officers of the bankruptcy estate.[12]  Section 330(a)(1) provides, in part, that "subject to sections 326, 328, and 329 . . . the court may award to a trustee . . . (A) reasonable compensation for actual, necessary services rendered by the trustee . . . *or attorney . . . employed by [the Trustee]*" [emphasis added].

As laid out above, compensation for counsel to the Chapter 7 Trustee can be logically traced from the required contents of a Chapter 13 Plan under section 1322 to the administrative expenses of counsel to the Chapter 7 trustee under section 330(a) by simply following the referenced sections of the Bankruptcy Code.  The plain language of section 1322(a)(2) requires that all priority claims under section 507 be paid in full.  In turn, sections 507(a)(1)(c) and (a)(2)

---

sec. 1325(a)(4) and obtaining confirmation of Debtor's Chapter 13 plan, Debtor has agreed to propose a plan that will distribute a minimum of $8,000.00 to Class 4 [c]reditors.")

[11] 11 U.S.C. § 507(a)(2).

[12] *See generally* 11 U.S.C. § 330 "Compensation of officers."

designate administrative expenses under 503(b), which includes court-awarded compensation to counsel of trustees pursuant to section 330(a)(1)(A), a priority claim status that relates back to required contents of a Chapter 13 plan under section 1322.  Thus, the Bankruptcy Code does provide for an administrative claim of counsel for Chapter 7 trustee in the Chapter 13 case.

Here, Ms. Flora's Application for administrative fees and costs is based entirely on work and services performed after being appointed as attorney for the Trustee and prior to the case converting to a Chapter 13.[13]  Indeed, had Ms. Flora sought allowance of fees and expenses for work she performed after the case was converted to a Chapter 13, this Court would deny her claim because, as argued by the Debtor, under section 348(e), the Trustee lacked the authority and standing to perform any work or services in the Debtor's Chapter 13 case.[14]  However, inasmuch as the fees and expenses sought by Ms. Flora are attributable to *postpetition pre-conversion* work and services, the conversion alone does not extinguish counsel's standing to seek an administrative claim in Debtor's Chapter 13 case.

The Court concludes that the Code clearly provides for reasonable compensation and costs of an attorney for a Chapter 7 trustee under the terms and provisions of sections 1322, 507,

---

[13] In her Response Brief, Ms. Flora, *sua sponte*, reduced her fees for work services performed prior to conversion of the case to a Chapter 13.  *Supra* note 4.

[14] *See, eg.*, *In re Roberts*, 80 B.R. 565, 567 (Bankr. N.D. Ga. 1987) (denying Chapter 7 trustee's claim for attorney fees for work performed post-conversion holding that the Chapter 7 trustee has no standing in a fiduciary capacity in the converted case and any work performed could not be commenced on behalf of the estate).

503, 330 and a conversion of the case to a Chapter 13 does not operate to bar standing of counsel. [15]

## II.   *Work performed by Ms. Flora in Debtor's Chapter 7 case was necessary and the legal fees sought are reasonable*

Debtor's second argument is that Ms. Flora's administrative claim should be disallowed because the work performed by the Trustee's counsel in the Chapter 7 case relating to the section 363(h) claim lacked justification and therefore, fees requested by counsel are unnecessary and excessive.  For reasons stated below, the Court disagrees with the Debtor.

### a.   *Compensation of counsel for Chapter 7 trustees*

Compensation of counsel to trustees employed under section 327 is subject to the statutory standards enumerated in section 330 of the Bankruptcy Code.[16]  Section 330(a)(1) provides, in part, as follows:

---

[15]  Arguably, conversion of a case under one chapter of the Bankruptcy Code to another might change the nature of a claim.  However, that is not the case here.  The effects of a conversion of a case are spelled out in section 348 of the Bankruptcy Code.  Subparagraph (a) of section 348 provides that subject to subsections (b) and (c),"[c]onversion of the case . . . does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief."  Subsections (b) and (c) of section 348 do not change the nature of a 503(b) administrative claim in cases converted from Chapter 7 to Chapter 13.

Additionally, although, subsection (d) of section 348 provides that post-petition pre-conversion claims, "*other than a claim specified in section 503(b)*[,]" [emphasis added] are treated as if they arose pre-petition for conversions under sections 1112, 1208 and 1307; missing from subsection (d) altogether is the inclusion of conversions under section 706.  Nonetheless, the elimination of section 706 from section 348(d) leaves the status of *all* post-petition pre-conversion claims effectively unchanged by the section 706 conversion.  Unlike in conversions under sections 1112, 1208 and 1307, the quality of all claims under a section 706 conversion remain the same for administration purposes and, therefore, the preservation of the administrative quality of a section 503(b) claim simply does not need an exception from the effects of conversion.  Thus, "the administrative quality of a claim under §503(b) is not affected by conversion."   *In re Kuhn*, 337 B.R. 668, 672 (Bankr. N.D. Ind. 2006).

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a *professional person employed under section 327* or 1103—
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
> (B) reimbursement for actual, necessary expenses
>
> [emphasis added].

Sections 330(a)(3) and (4)(A) of the Bankruptcy Code set forth additional factors to be considered by courts in determining the reasonableness of fees for counsel of Chapter 7 trustees. Specifically, section 330(a)(3) provides that

> [i]n determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, *or professional person*, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) *whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;*
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title
>
> [emphasis added].

---

[16] *See Lamie v. United States Tr.,* 124 S. Ct. 1023 (U.S. 2004) (United States Supreme Court holding that section 330(a)(1) authorizes attorney's fees only for attorneys employed as a "professional persons" by the estate trustee with court approval pursuant to section 327).

12

Furthermore, section 330(4)(A) of the Bankruptcy Code provides that-

> "the court shall not allow compensation for - (i) unnecessary duplication of services; or (ii) services that were not - *(I) reasonably likely to benefit the debtor's estate; or  (II) necessary to the administration of the case*[]" [emphasis added].

Here, Debtor argues that Ms. Flora's request for administrative fees and costs should be denied because the Trustee's section 363(h) claim, seeking leave to sell the estate's interest and the co-owners' interest in the Lakewood Property, lacked merit and the work done by Ms. Flora in relation to the claim was unjustified and unnecessary.[17]  To support her argument, Debtor asserts certain legal defenses, including that she, the Debtor, had only bare legal title to a portion of the Lakewood Property and she had no equitable or actual title or interest in the property that would entitle the Trustee and the estate ownership rights to commence a sale of the property.[18]

The Debtor does not argue that the $275 per hour rate charged by Ms. Flora or the $100 per hour rate charged by her assistant are high, unjustified, or unreasonable under statutory standards or that the amount of time spent by counsel's firm was unnecessary.  Rather, Debtor's only argument as to counsel's fees is that they are "excessive and not necessary" because "the [Trustee's section 363(h)] claim was without chance of success . . . ."[19]

---

[17] Debtor's Brief at 2.  Debtor even argues that the Trustees counsel's work was "groundless and frivolous" and "vexatious, stubbornly litigious and disrespectful of truth and accuracy."  *Id*.

[18] *Id*. (Debtor's assertion that her interest in the subject property was limited to a "bare legal title," which operated to exclude the property from the property of the bankruptcy estate.)

[19] Debtor's Brief at 3.

*b. Duties of Chapter 7 trustees and the Standard of care*

A Chapter 7 trustee is "the representative of the [bankruptcy] estate"[20] with the capacity to both "sue and be sued."[21]  As a representative of the estate, one of the primary responsibilities of the Chapter 7 trustee is to "collect and reduce to money the property of the estate for which such trustee serves[] . . . ."[22]  Stemming from the section 704 statutory duties, Chapter 7 trustees have additional common law fiduciary obligations to protect the interests of the estate and all estate beneficiaries, including the creditors who have claims against the estate.[23]

The standard of care to be employed by a bankruptcy trustee is "the exercise of due care, diligence and skill both as to affirmative and negative conduct; and that the standard or measure of care, diligence and skill is that of an ordinarily prudent man in the conduct of his private affairs under similar circumstances and with similar objects in view."[24]  In examining a trustee's decision concerning the administration of the estate, some deference must be accorded to the trustee's ability to evaluate the propriety of litigation in light of the associated risks and costs.

---

[20] 11 U.S.C. § 323(a).

[21] 11 U.S.C. § 323(b).

[22] 11 U.S.C. § 704(a)(1).

[23] *See* Perez v. Kubie *(In re Perez),* 2012 Bankr. LEXIS 3863 (Bankr. D. Colo. Aug. 13, 2012) (citing *In re Dalen*, 259 B.R. 586, 610 (Bankr. W.D. Mich. 2001) ("[u]nderlying . . . [the section 704(a)(1)] statutory duties are the trustee's common law fiduciary duties to beneficiaries of the estate, which include care, loyalty, and obedience.")

[24] *Sherr v. Winkler*, 552 F.2d 1367, 1374 (10th Cir. 1977) (citing *In re Johnson*, 518 F.2d 246 (10th Cir. 1975)).

14

As articulated by Hon. Charles E. Matheson in *Connolly v. Harris Trust Co.*,[25] this Court agrees that

> [the] role [of the trustee]  is more difficult and more stressful than the role of legal counsel because it carries with it the burden of deciding how much is enough.  The buck stops at the trustee's desk, not at the desk of legal counsel.  He is entitled to some recognition for the nature of the position and the services provided in the role of trustee.[26]

### c.   *Trustee's section 363(h) claim*

Here, at least initially, the fact that the Debtor identified on Schedule A a record title ownership interest in the Lakewood Property certainly allows a strong inference that the Debtor's estate, and thus the Trustee, had an interest and right to that property.  The Trustee exercised due care, diligence and skills that an ordinarily prudent man in the conduct of his private affairs under similar circumstances and with similar objects in view would have exercised.  Specifically, the work and services appear to be a good faith, responsible, legitimate and reasonable attempt to evaluate and obtain assets for the benefit of the bankruptcy estate.  Indeed, to have investigated, examined and evaluated the Trustee's rights to the Debtor's title to the real property in a summary and cursory fashion as argued to be appropriate by the Debtor would itself likely have been a breach of the Trustee's and counsel's duties under the Bankruptcy

---

[25] Connolly v. Harris Trust Co. *(In Re Miniscribe Corp.),* 257 B.R. 56, 63 (Bankr. D. Colo. 2000).

[26] *Id.* at 63.

Code and a failure to adequately represent the estate and creditors' interests in potential assets of the estate.[27]

The Court need not fully decide the merits of the Trustee's underlying §363(h) claim to determine that the work performed and legal services rendered by Ms. Flora at the request of the Trustee were within the scope of the Trustee's duties under the Bankruptcy Code.[28]  The Court finds that under the circumstances of this case, the work performed and legal services provided by Ms. Flora as counsel of the Trustee were well within the scope of her statutory duties and fiduciary responsibilities.[29]

   d.  *Fees sought by Ms. Flora*

Moreover, the Court finds that the fees and costs associated with Ms. Flora's work and services for the Trustee appear reasonable and are supported by the standards enumerated in section 330(a)(3) of the Code.  Considering the customary rates charged by other practitioners that appear before this Court, the hourly rates charged by counsel's firm appear reasonable under the standards of section 330(a)(1).  This is especially so because of Ms. Flora's long experience

---

[27] The Court takes notice of the fact that even the Chapter 13 Trustee, Sally J. Zeman, filed an Objection to Confirmation of Debtor's initial Plan in the Chapter 13 case due to the plan's failure to reconcile Debtor's interest in the Lakewood Property pursuant to the "best interest of creditors" test under section 1325(4).  *See* Objection to Confirmation at ¶1 (Mar. 13, 2013) (Docket# 74).  In order to resolve the Chapter 13 Trustee's objection, Debtor amended her Chapter 13 Plan proposing to "distribute a minimum of $8,000.00 to Class 4 Creditors." Debtor's Amended Chapter 13 Plan at V.G. (Mar. 29, 2013) (Docket# 75).

[28] Neither the Debtor, nor the named Defendants in the underlying adversary proceeding filed a response to the Trustee's complaint asserting said legal defenses under the doctrine of "bare legal title."  Rather, motivated by the desire to avoid litigation and of potentially losing the real estate subject to the Trustee's §363(h) claim, the Debtor converted her case to a Chapter 13 the same day the Trustee commenced the adversary proceeding.

[29] *See* 11 U.S.C. § 704(a)(1), (2) and (4).

16

and expertise in bankruptcy law.  Furthermore, the Court finds that time billed by Ms. Flora and

her assistant for work performed during the Chapter 7 case are also reasonable and proper given

the nature and complexity of the issue involved.[30]

Therefore, the Court concludes that work performed and services provided by Ms. Flora

for the Trustee in the Chapter 7 case were well within the duties and discretion exercised by the

Trustee, were necessary and intended to benefit the Debtor's estate, and the fees and costs

incurred by Trustee's counsel are reasonable pursuant to section 330(a) of the Bankruptcy Code.

III.    *Statutory limitations on trustee's fees under section 326 do not apply to an administrative
        claim for legal fees and expenses incurred by counsel of a Chapter 7 trustee*

Debtor's final argument is that even if the Court finds the authority to grant Ms. Flora's

administrative claim for work performed pre-conversion, Ms. Flora's fees are limited by section

326(a).[31]

In support of her argument, Debtor cites a 2002 opinion by another Judge of this Court,

Hon. A. Bruce Campbell, *In re Murphy*[32] and a 1997 opinion by the Bankruptcy Court for the

District of Minnesota in *In re Fisher*,[33] where both courts limited trustees' compensation under

section 330 to the statutory cap of section 326.  Additionally, Debtor distinguishes a 1999

---

[30] The Court, once again, refers to Ms. Flora's *sua sponte* adjustments to her fee request and elimination of all time entries for work performed by Ms. Flora post-conversion, as further modified by this Court in footnote number 6.

[31] Debtor's Brief at 4, 5.

[32] Murphy¸ 272 B.R. 483 (2002).

[33] *In re Fisher*, 210 B.R. 467 (Bankr.D.Minn. 1997).

opinion by a former Judge of this Court, Hon. Charles E. Matheson, *In re Rodriguez,*[34] where the court allowed the Chapter 7 trustee an administrative claim for fees and expenses post conversion for work performed in the Chapter 7 case, but limited the fee to the cap contained in section 326 and to the amount that was available after deducting the fees of the Chapter 13 trustee pursuant to section 326(c).

Ms. Flora asserts that none of the cases cited by the Debtor are on point for they all involve applications for compensation for Chapter 7 trustees and not the trustees' counsel.  The Court agrees.  Section 326(a) provides certain statutory limitations on compensation of trustees in Chapter 7 or 11 cases,[35] not to *counsel* to a trustee.

In fact, in the *Fischer* case cited by the Debtor, the court allowed the trustee's law firm fees in its capacity as counsel of the trustee, separate from compensation of the trustee himself; and in doing so, the court noted that in certain circumstances "[t]rustees [] indirectly profit by being employed as the attorney for the trustee and obtaining reasonable compensation for that service which is not subject to the [statutory] cap [of section 326]."[36]  Similarly Judge

---

[34] *In re Rodriguez*, 240 B.R. 912 (Bankr. D.Colo. 1999).

[35] 11 U.S.C. § 326 provides, in part, as follows:

> (a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

[36] Fisher, *supra* note 22 at 469.

Campbell's conclusion in *Murphy* and Judge Matheson's conclusion in *Rodriguez* were based upon the judges' reading of the plain language of section 326(a) limiting Chapter 7 trustee fees to the statutory formula, notwithstanding what might otherwise qualify as reasonable compensation for a trustee under section 330(a)."[37]

Several other courts have also recognized the distinct nature of an administrative claim of counsel of a Chapter 7 trustee pursuant to section 328 as separate from the trustee's claim for statutory fees under section 326.[38]  In *Kuhn*, the Bankruptcy Court for the Northern District of Indiana recognized that "[a] Chapter 7 Trustee is authorized to employ an attorney to assist him/her in the performance of his/her duties in administering the Chapter 7 case [under] *11 U.S.C. § 327(a) and (d)*."[39]

The court in *Kuhn* had authorized the Chapter 7 trustee to act as his own attorney, i.e., attorney to the trustee, in assisting with the administration of the debtor's Chapter 7 estate.  After the case converted under section 706(a) to a Chapter 13, debtor filed an objection to the trustee's claim for attorney fees as counsel to the trustee.  In allowing the counsel's fees, the court held

---

[37] Murphy, *supra* note 22 at 485-86; *see also* Rodriguez, *supra* note 23 at 914.

[38] *E.g., In re Schneider*, 15 B.R. 744 (Bankr. D. Kan. 1981) (court authorized separate administrative claims under section 326 and section 328 to the Chapter 7 trustee, who also served as a court approved attorney for the trustee.  In allowing the attorney fees under section 328, the court noted that the attorney fees under section 328 were "not duplicative of the trustee's duties under section 330.") *Id.* at 746; *see also In re Collins*, 210 B.R. 538, 540 (Bankr. N.D. Ohio 1997) (court holding that while "section [326(a)] makes it clear that no statutory claim for final compensation is generally available to a Chapter 7 trustee where the trustee has not disbursed or turned over any funds of the Chapter 7 estate[] . . . the application [] for professional fees and expenses [is different]."); *In re Kuhn*, 337 B.R. 668, 672 (Bankr. N.D. Ind. 2006) (court recognized that cases governing claims for statutory compensation of Chapter 7 Trustee pursuant to 11 U.S.C. §§ 330(a)(1)(A) and 326(a) are not relevant to compensation sought by counsel in capacity as attorney of the Trustee).

[39] Kuhn, *supra* note 17 at 671.

that an administrative claim for counsel of a Chapter 7 case "does not concern [trustee's] assertion of a claim for statutory compensation, but rather . . . a claim for compensation for professional services rendered by the attorney."[40]  The court concluded that the leading cases concerning allowance of fees of a Chapter 7 trustee, including all the cases cited here by the Debtor, are "not at all on point."[41]  This Court finds the analysis and conclusion of the *Kuhn* court persuasive and adopts its holding to the extent it distinguishes the claims for administrative fees and expenses between the Chapter 7 trustee and his or her counsel.

Based on the foregoing reasons, the Court rejects the Debtor's contention that Ms. Flora's fees and costs are subject to section 326(a) and concludes that the limitations contained therein simply does not apply to counsel of the trustee.

## V.   <u>Conclusion and Order</u>

The Court finds that counsel of Chapter 7 trustees have standing and a right under sections 1322(a)(2), 507(a)(1)(C), 503(b)(2) and 330(a) to file an administrative claim in a Chapter 13 case for work that counsel performed in the Chapter 7 case prior to conversion.

The Court further finds that work performed by Ms. Flora in relation to the investigation, examination and evaluation of the Lakewood Property, including the commencement of the adversary proceeding under section 363(h), were good faith, responsible and necessary efforts to evaluate and obtain property for the benefit of the bankruptcy estate and within the scope of the Trustee's duties under the Bankruptcy Code.

---

[40] *Id.*

[41] *Id.*

20

Additionally, in light of the work performed and services provided, the reasonableness of fees and costs, including the hourly rates and the time spent after the *sua sponte* adjustments to the time entries made by Ms. Flora and further modified by the Court in footnote 6, the Court finds the amount sought by Ms. Flora to be reasonable.

Finally, the Court finds that the matter herein does not concern the claim by the Trustee for statutory compensation, but rather a claim for compensation for her counsel, Ms. Flora, for professional services rendered by her during the Debtor's Chapter 7 case. The Court concludes that section 326 applies to requests of compensation by Chapter 7 trustees and does not apply to limit Ms. Flora's fees and costs as counsel to the Trustee.

IT IS THEREFORE ORDERED that:

1. Maria Flora, P.C.'s First Interim Application for Allowance of Attorney Fees and Expenses (Docket #32), as adjusted by this Court in footnote number 6 to the amount of $1,437.50, and reimbursement of costs in the amount of $46.08, is **GRANTED**.

2. Debtor's Objection to the Application (Docket #37) and Motion to Strike (Docket #40) are **DENIED.**

IT IS FURTHER ORDERED that:

1. Sally Zeman, Chapter 13 Trustee, is hereby authorized to pay Maria J. Flora, P.C. first interim compensation in the amount of $1,437.50 for work performed and legal services provided and $46.08 for reimbursement of actual and necessary expenses incurred during the period from August 2, 2012 through October 9, 2012.

2. Debtor shall, on or before **August 20, 2013**, file with the Court and serve on creditors and interested parties, a modified Chapter 13 plan providing for the administrative claim of Ms. Flora as set forth above, along with notice regarding the same.

Dated this 30th day of July, 2013.                    BY THE COURT:

_____

Sidney B. Brooks,
United States Bankruptcy Judge

22